Charles Fara for use of W. G. Tennant, Appellee, v. Reliable Furniture Manufacturing Company, Garnishee, Appellant.

## Gen. No. 29,825.

1. GARNISHMENT—*sufficiency of service of statutory demand upon employee and employer by registered letter.* Under section 14 of the Garnishment Act, Cahill's St. 1923, ch. 62, ¶ 14, providing that before bringing a suit for wages a demand in writing shall first be made upon the employee and employer for the excess over exemptions, and a copy of such demand shall be left with the employee and the employer at least 24 hours previous to bringing suit, service of notice or demand by registered letter was insufficient to support a judgment rendered in the municipal court of Chicago against the employer, in the absence of personal service.

2. MUNICIPAL COURTS—*time within which void judgment may be vacated.* A void judgment of the municipal court of Chicago, as distinguished from an erroneous one, may be vacated after the expiration of 30 days from the judgment day.

3. MUNICIPAL COURTS—*time for vacating void judgments.* Under section 14 of the Garnishment Act, Cahill's St. 1923, ch. 62, ¶ 14, requiring service of a demand in writing for payment to the creditor of the amount of a demand against a wage earner, in excess of exemptions, upon employer and employee, before commencing suit, the words, "a copy of such demand shall be left with him (employee) and with the employer," mean personal service, and service by registered letter is insufficient to support a valid judgment; and a judgment rendered upon such service is void and may be vacated at any time, even though more than 30 days have elapsed between its rendition before the motion to vacate was made.

Fara v. Reliable Furn. Mfg. Co., 237 Ill. App. 460.

Appeal by defendant from the Municipal Court of Chicago; the Hon. THEODORE F. EHLER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed and remanded with directions. Opinion filed June 9, 1925. Rehearing denied June 23, 1925.

FRANK H. BICEK and Q. J. CHOTT, for appellant; FRANK H. CULVER, of counsel.

GRAY & NUTTALL, for appellee; CLARENCE A. SAMUEL, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On July 2, 1924, a judgment for $521.78 was entered in a garnishment proceeding against the Reliable Furniture Manufacturing Company, in favor of Charles Fara for the use of W. G. Tennant, for failure of the garnishee to answer in compliance with an order of court entered on May 28, 1924. Execution was issued and levied on certain chattels of the Furniture Company which levy by direction of plaintiff's attorney was released, and on September 16, 1924, the Furniture Company filed a motion and petition, supported by the affidavit of its president, John Kriz, asking that the judgment be vacated. After answer filed a hearing was had and evidence introduced, resulting in the court refusing to vacate the judgment, and the Furniture Company, by the present appeal, seeks to reverse that action.

On March 7, 1924, Tennant caused a judgment to be confessed on a note against Fara for $521.78, including attorney's fees. Execution was issued on March 10 and returned *nulla bona* on May 14. On the following day the present garnishment proceeding was commenced by the filing with the clerk of the municipal court of an affidavit, in attempted compliance with section 14 of the Garnishment Act (Cahill's St. ch. 62, ¶ 14), in which it was alleged that one H. Young, at 12:15 o'clock p. m. on May 14, 1924, "had served the

within notice and demand on Charles Fara *by registered mail,* debtor, by delivering to him a true copy thereof,'' and had made at the same time a similar service ''by registered mail'' on the Furniture Company, ''employer,'' and that both copies so delivered had the time of service indorsed thereon, which was ''more than 24 hours before the time of beginning suit.'' The notice and demand referred to was signed by Tennant and was directed to Fara, ''wage earner,'' and to the Furniture Company, ''employer,'' and by it demand was made of them for the sum of $531.88 ''out of moneys due, or which may become due, to Charles Fara as wages, under an act of the General Assembly of the State of Illinois in regard to garnishment.'' On May 16 the garnishee summons was served on the Furniture Company, in which the Furniture Company was directed to appear in court on the morning of May 28 and answer unto ''Charles Fara for use of W. G. Tennant'' as to the rights, credits, property or moneys in its hands belonging to Fara. On the return day, May 28, the court entered an order extending the time 10 days within which the Furniture Company should make answer to the writ, but it did not thereafter file an answer and on July 2, the judgment against it for $521.78 was entered.

It is urged by counsel for the Furniture Company, for various reasons stated, that the court erred in not vacating the judgment of July 2, 1924, even though more than 30 days had passed after its rendition before the motion to vacate it was made. We shall only discuss one of counsel's points, namely, that the judgment is void, under the provisions of section 14 of the Garnishment Act, in that before the garnishee summons was issued and served no proper demand in writing was *personally* served either upon Fara, the employee or wage earner, or the Furniture Company, the employer; and being void, as distinguished from being merely erroneous, it may be attacked at any

CHICAGO—FIRST DISTRICT—JUNE, 1925.     463

Fara v. Reliable Furn. Mfg. Co., 237 Ill. App. 460.

time even after the expiration of 30 days from the date of its rendition.

We are of the opinion that the point is well taken and that said judgment, under said Act, is void, and that the court erred in not sustaining the motion of the Furniture Company to vacate it. It sufficiently appears that Tennant, at the beginning of the present garnishment proceeding, treated Fara as an employee of the Furniture Company and as a wage earner who was the head of a family and residing with the same. He attempted to comply with the provisions of section 14 of the Garnishment Act, when, before the summons was issued, he caused to be filed the affidavit mentioned showing that there was sent *by registered mail* on May 14, at 12:15 o'clock p. m., a demand in writing to both Fara and the Furniture Company for the payment of the sum mentioned out of moneys due or to become due Fara as wages. The provisions were not complied with, in that neither Fara nor the Furniture Company was shown to be personally served with the demand, and within 24 hours before the garnishment suit was commenced. A portion of said section 14 of said Act, as amended in 1923 (Cahill's St. 1923, ch. 62, sec. 14) is as follows:

"Before bringing suit a demand in writing shall first be made upon the employee and the employer for the excess above the amount herein exempted, and a copy of such demand *shall be left with him and with the employer,* having endorsed thereon the time of service, at least twenty-four hours previous to bringing such suit. Such notice shall be filed with the justice, or clerk of the court, with the manner and time of the service of the same endorsed thereon, and the return duly sworn to before some officer authorized to administer oaths, before it shall be lawful to issue a summons in such case, or to require an employer to answer in any garnishee proceedings. *Any judgment rendered without said demand being served upon the employee, and so proven and filed as aforesaid shall be void.*"

Accordingly, the order of the municipal court of September 16, 1924, refusing to vacate said judgment of July 2, 1924, is reversed, and the cause is remanded to said court with directions to vacate said judgment of July 2, 1924, against the Reliable Furniture Manufacturing Company.

*Reversed and remanded with directions.*

FITCH, P. J., and BARNES, J., concur.